[Cite as *Simon v. Simon*, 2012-Ohio-3443.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| PAUL SIMON | C.A. No.    25933 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MALINDA SIMON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    DR 2007-06-1815 |

DECISION AND JOURNAL ENTRY

Dated: August 1, 2012

---

BELFANCE, Judge.

{¶1}   Malinda Simon appeals from the trial court's order transferring the divorce proceedings to Hardin County, Kentucky.  For the reasons set forth below, we reverse.

I.

{¶2}   In June 2007, Paul Simon filed for divorce from Ms. Simon.  Initially, the trial court granted Mr. Simon custody of the couple's oldest child while Ms. Simon maintained custody of the younger children.  Mr. Simon moved to Kentucky with the oldest child and was eventually granted custody of all of the children.

{¶3}   The trial court issued a divorce decree in September 2008, and Ms. Simon appealed.  This Court dismissed the appeal for lack of a final, appealable order as the divorce decree did not resolve companionship rights or child support.  Subsequently, the trial court ordered that the parties compile a "master list[]" of the parties' marital property to divide.

However, the trial court never approved a division of this "master list[,]" nor did it ever resolve the companionship rights or child support issues.

{¶4} Subsequent to this Court's dismissal of Ms. Simon's appeal for lack of a final, appealable order, both parties filed many motions, one of which was Mr. Simon's motion to transfer the child custody matters to Kentucky pursuant to R.C. 3127.21. In the trial court's judgment entry ruling on Mr. Simon's motion, the trial court announced:

> The Court finds that this case is better heard and that jurisdiction is found in the Hardin County Family Court, Commonwealth of Kentucky, and that all mat[t]ers in the above captioned case shall be transferred to said Court.

> The Ohio trial Court, however, requests that the Kentucky Family Court review the matter of spousal support. * * * It's time to take a second look at [Ms. Simon's] spousal support award.

> [Mr. Simon's] Motion to Transfer is Granted!

{¶5} Ms. Simon has appealed raising three assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

BY FAILING TO FOLLOW THE LANGUAGE OF R.C. 3127.21, THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO TRANSFER JURISDICTION.

{¶6} Ms. Simon argues that the trial court erred when it granted Mr. Simon's motion to transfer the proceedings to Kentucky under R.C. 3127.21. Specifically, she argues that the trial court failed to consider all of the relevant factors in R.C. 3127.21(B).

{¶7} R.C. 3127.21 allows a court to decline to exercise its jurisdiction over child custody matters "if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more convenient forum." R.C. 3127.21(A). R.C. 3127.21(B) requires the court, when deciding whether to decline exercising its jurisdiction, to consider all relevant factors, including the following:

(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2) The length of time the child has resided outside this state;

(3) The distance between the court in this state and the court in the state that would assume jurisdiction;

(4) The relative financial circumstances of the parties;

(5) Any agreement of the parties as to which state should assume jurisdiction;

(6) The nature and location of the evidence required to resolve the pending litigation, including the testimony of the child;

(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;

(8) The familiarity of the court of each state with the facts and issues in the pending litigation.

{¶8}    In its judgment entry, the trial court found that the children had lived in Kentucky for three years and were enrolled in Kentucky schools.  It also found that they had extracurricular activities and were involved in counseling.  While these findings do not encompass all of the factors in R.C. 3127.21(B), absent evidence to the contrary, a trial court is presumed to have considered the relevant statutory factors.  *See Donley v. Donley*, 9th Dist. No. 09CA009702, 2010-Ohio-3544, ¶ 12.  However, though Mr. Simon suggests otherwise, the record reflects that the trial court may not have considered the requirements of R.C. 3127.21.

{¶9}    First, in examining the trial court's judgment entry, it is unclear whether the trial court actually considered R.C. 3127.21 in making its determination.  The trial court never mentions the statute in its judgment entry, which is concerning but is by no means dispositive.  More telling though is the fact that the trial court's judgment entry greatly exceeds the bounds of R.C. 3127.21, ordering "*all* mat[t]ers in the above captioned case shall be transferred * * *."  (Emphasis added).  Thus, if the trial court had been considering R.C. 3127.21, it would have seen

that the statute applies to custody transfers alone. Furthermore, in addition to its findings regarding the children's lives in Kentucky, the trial court also found that "[t]he Summit County Decree of Divorce and Child Custody Order has been registered in Kentucky * * *." As noted above, this case was dismissed before for a lack of a final, appealable order because the purported divorce decree had not resolved all of the necessary issues. Subsequent to this court dismissing the appeal for not being from a final order, the trial court also reopened the matter of distribution of marital property, which appears to still be pending. Thus, in addition to exceeding the scope of R.C. 3127.21, one of the factors the trial court found relevant to its decision to decline to exercise its jurisdiction over the custody matters in this case was that its non-final decree of divorce had been filed in Kentucky.

{¶10} Based on the record in this case, we cannot conclude that the trial court considered R.C. 3127.21(B) when it decided to transfer the custody matters to Kentucky. Furthermore, it committed error when it ordered the entire divorce proceedings to be transferred to Kentucky. Accordingly, Ms. Simon's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

BY FAILING TO RULE ON DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS, THE TRIAL COURT DEPRIVED APPELLANT OF NECESSARY FINANCIAL INFORMATION TO PROPERLY MODIFY SPOUSAL SUPPORT.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY ALLOWING THE DIVORCE TRIAL TO PROCEED DESPITE THE FAILURE OF THE COURT APPOINTED EXPERT TO FILE HER REPORT 30 DAYS PRIOR TO THE AUGUST 1, 2008 DIVORCE HEARING.

{¶11} Ms. Simon's second and third assignments of error are unrelated to the trial court's decision to transfer the child custody matters to Kentucky, instead addressing other

matters related to the divorce proceedings. However, the trial court's decree of divorce leaves unresolved the distribution of marital property as well as companionship rights and child support. Therefore, it is not a final, appealable order, and, thus, this Court lacks jurisdiction to consider the merits of Ms. Simon's second and third assignments of error. *See Taylor v. Taylor*, 9th Dist. No. 10CA009790, 2010-Ohio-5794, ¶ 6 (A decree of divorce is not a final, appealable order if issues of child support and visitation are left unresolved.).

III.

{¶12} This Court is without jurisdiction to consider the merits of Ms. Simon's second and third assignments of error at this time. The trial court's order transferring the entire case to Kentucky is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

SUSAN LAX, Attorney at Law, for Appellant.

F. BENJAMIN RIEK, III, Attorney at Law, for Appellant.

GEORGE MILLER, Attorney at Law, for Appellant.

RANDY LOWRY, Attorney at Law, for Appellee.

KENNETH L. GIBSON, Attorney at Law, for Appellee.