[Cite as *Randolph v. Britt*, 2012-Ohio-4433.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| WILLIAM RANDOLPH | C.A. No.      11CA010041 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RACHEL BRITT | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.     07 JG 20448 |

DECISION AND JOURNAL ENTRY

Dated: September 28, 2012

BELFANCE, Judge.

{¶1}    Rachel Britt appeals from the decision of the Juvenile Division of the Lorain County Court of Common Pleas. For the reasons set forth below, we reverse and remand for further proceedings.

I.

{¶2}    Ms. Britt had a son, C.R., with William Randolph in 2005. Initially, Mr. Randolph had companionship with C.R. In 2007, Mr. Randolph filed a complaint for custody of C.R. The action was eventually resolved with an agreed judgment entry, which the court adopted in August 2008. On October 15, 2010, Ms. Britt filed a motion to relocate and modify companionship because she had found employment in Virginia. Mr. Randolph opposed Ms. Britt's motion and also moved to modify parental rights and responsibilities.

{¶3}    The trial court held two days of hearings. Ms. Britt testified that she had a job opportunity in Virginia that would pay $35,000 per year plus benefits, more than tripling her

income from the previous year. She stated that she had been working in food service and had earned $8,694.81, $10,558 and $11,268 for the years 2008, 2009, and 2010. She also testified that she had been hindered in securing employment in Ohio because Mr. Randolph refused to leave C.R. with anyone but her, making it difficult for her to take necessary classes to increase her employment opportunities. Although she had a real estate license, it was inactive, and she could not afford to pay the funds necessary to reactivate it.

{¶4} Ms. Britt also testified that Mr. Randolph had behaved in a controlling and abusive manner towards her, and a police sergeant testified that he had been to Ms. Britt's home several times in connection with domestic violence calls. The officer further stated that he was familiar with Mr. Randolph because he had dealt with him many times and that Mr. Randolph had been arrested numerous times. He also testified that he told Ms. Britt that she ought to get out of town because he had dealt with Mr. Randolph many times over the years and things were not going to get any better.

{¶5} Mr. Randolph agreed that he refused to leave C.R. with anyone but Ms. Britt. He testified that he had a great relationship with his son and that his family did as well. Mr. Randolph told the court that, though he worked nights at the Ford factory and also worked a second job operating his mattress business, his schedule was flexible enough to allow him to care for C.R. should he be given custody, especially given that his stepmother and his fiancée would be able to help out. He agreed that Ms. Britt is a good mother and had been reasonable in allowing him to see C.R. upon request 75% of the time.

{¶6} The trial court orally denied Mr. Randolph's motion to modify parental rights and responsibilities and requested that the parties submit proposed findings of facts and conclusions of law on the motion to relocate, which Mr. Randolph did and Ms. Britt did not. The trial court

subsequently issued a judgment entry captioned "Plaintiff's Proposed Judgment Entry, with Findings of Fact and Conclusions of Law[,]" adopting Mr. Randolph's proposed judgment entry without any modification other than ordering costs to be split evenly between the parties. The court's entry denied Ms. Britt's motion for leave to relocate and ordered her to leave C.R. with Mr. Randolph should she move outside Ohio.

{¶7}    Ms. Britt has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERS[IBLE] ERROR, AND ABUSED ITS DISCRETION BY DENYING MOTHER'S MOTION TO RELOCATE AND TO MODIFY THE VISITATION SCHEDULE[.]

{¶8}    In her sole assignment of error Ms. Britt challenges the trial court's denial of her motion to relocate and to modify the visitation schedule, and the trial court's determination that she should pay half of the guardian ad litem fees.

**Relocation**

{¶9}    When a residential parent and legal custodian of a child moves to a residence other than that specified in a parenting order or decree, the parent must comply with R.C. 3109.051. R.C. 3109.051(G)(1) provides:

> If the residential parent intends to move to a residence other than the residence specified in the parenting time order or decree of the court, the parent shall file a notice of intent to relocate with the court that issued the order or decree. Except as provided in divisions (G)(2), (3), and (4) of this section, the court shall send a copy of the notice to the parent who is not the residential parent. Upon receipt of the notice, the court, on its own motion or the motion of the parent who is not the residential parent, may schedule a hearing with notice to both parents to determine whether it is in the best interest of the child to revise the parenting time schedule for the child.

In the 2008 judgment entry, the parties agreed that neither parent could change the child's permanent residence absent consent of the other parent or court approval. The parties' judgment entry contains a provision stating that the parents are to comply with R.C. 3109.051 by requiring either parent to file a notice of intent to relocate with the court before moving to "a residence other than his/her current residence[.]" "'R.C. 3109.051 does not grant the trial court authority to prohibit relocation by the residential parent.' *Harris v. Harris*, 9th Dist. No. 06CA009056, 2007–Ohio–3123, ¶ 6. The statute simply permits a court to adjust visitation rights in light of the relocation." *Ross v. Ross*, 9th Dist. No. 26106, 2012-Ohio-2175, ¶ 7.

{¶10} In determining whether adjustments to the companionship schedule are appropriate, the trial court must determine whether a modification of companionship is in the best interests of the child. *Id.* at ¶ 6. *See also* R.C. 3109.051(G)(1). "R.C. 3109.051(D) provides sixteen factors which should be considered when determining whether a visitation schedule is in the child's best interest." (Internal quotations and citations omitted.) *Ross* at ¶ 6. Thus, in the instant matter, given that the trial court denied Father's motion for reallocation of parental rights and responsibilities, the trial court was faced with consideration of whether modification of the parenting schedule would serve the best interest of the child. *See Miller v. Miller*, 3d Dist. No. 7-03-09, 2004-Ohio-2358, ¶ 9.

{¶11} Generally, a trial court's decision regarding companionship rights is reviewed for an abuse of discretion. *Ross*, 2012-Ohio-2175, at ¶ 6. An abuse of discretion implies that the trial court's decision is arbitrary, unreasonable, or capricious. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, while a trial court has considerable discretion in companionship matters, a trial court does not have discretion to ignore consideration of the

enumerated best interest statutory factors. *See Young v. Young*, 9th Dist. No. 25640, 2011-Ohio-4489, ¶ 13.

{¶12} A court is presumed to consider the relevant factors unless there is evidence to the contrary. *See Simon v. Simon*, 9th Dist. No. 25933, 2012-Ohio-3443, ¶ 8. However, in the instant matter, the trial court did not indicate that it had considered the R.C. 3109.051(D) factors, and the factors identified in the trial court's judgment entry as having been considered bear little resemblance to those in R.C. 3109.051(D). Thus, we cannot say the trial court considered the required statutory factors, and, therefore, its denial of Ms. Britt's motion to modify the companionship schedule, as well as its order that she leave C.R. with Mr. Randolph should she move, were improper.

**Guardian Ad Litem Fees**

{¶13} Ms. Britt also argues that the trial court erred when it ordered the parties to split the guardian ad litem's fees. We agree.

{¶14} The evidence in this case indicates that Mr. Randolph sought the appointment of a guardian ad litem. The trial court ordered the appointment but its entry was silent as to who would be required to pay. Ms. Britt had earned little more than $11,000 in the prior year while Mr. Randolph earned in excess of $50,000. Given the income disparity between the parties and that Ms. Britt's portion of the fees would be more than one-sixth of her annual income, the trial court's equal division of the fees was unreasonable.

III.

{¶15} Ms. Britt's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is reversed, and the matter is remanded for further proceedings.

Judgment reversed<br>
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
CONCURS.

CARR, J.
CONCURRING IN PART, DISSENTING IN PART.

{¶16} I respectfully dissent from the majority's resolution of the first issue raised by Ms. Britt in her sole assignment of error.

{¶17}  I believe that the trial court performed a thorough analysis, properly weighing the best interest of the child.  Accordingly, I would affirm the denial of Ms. Britt's motion to relocate and to modify the visitation schedule.

{¶18}  I agree with the majority's resolution of the appeal as it relates to the assessment of guardian ad litem fees.

APPEARANCES:

JAMES V. BARILLA, Attorney at Law, for Appellant.

KENNETH J. LEWIS, Attorney at Law, for Appellee.

STEPHEN DARAY, Guardian at litem.