[Cite as *Simon v. Simon*, 2014-Ohio-1390.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

PAUL SIMON

    Appellee

    v.

MALINDA SIMON

    Appellant

C.A. No.    26767

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2007-06-1815

DECISION AND JOURNAL ENTRY

Dated: March 31, 2014

CARR, Judge.

{¶1} Appellant, Malinda Simon ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that granted her a divorce from appellee, Paul Simon ("Father"), and determined that the more convenient forum for the child custody matters was in the family court in Hardin County, Kentucky, where Father had been residing for several years with the parties' minor children. This Court affirms.

I.

{¶2} The long procedural history of this case began in June 2007 when Father filed a complaint for divorce against Mother. During the marriage, Mother had been a homemaker and earned no income outside the home. Although Father had been a business executive with a six-figure salary, he lost his job at about the same time the parties' marriage ended. He was unable to find comparable employment and later relocated to Kentucky, where he started his own business earning a much lower income.

{¶3} The loss of Father's significant income caused financial hardship for both parties. They lost the marital home to foreclosure and eventually sought bankruptcy protection. Because there were few marital assets left to divide, and the parties lacked adequate income to pay spousal or child support throughout most of this case, their primary dispute was the allocation of parental rights and responsibilities for their four minor children. The dispute ultimately centered on Father's relocation to Kentucky, and the opinions of the guardian ad litem, the family court services department, and a court-appointed psychologist that Mother had untreated mental health problems that were negatively affecting the children and that, as a result, it was in their best interests to reside with Father.

{¶4} The trial court issued a divorce decree in September 2008, in which it designated Father as the residential parent of the children. It left unresolved companionship rights and the division of the parties' property. Mother appealed from that order, but this Court dismissed the appeal for lack of a final, appealable order.

{¶5} On December 10, 2010, Father filed a motion pursuant to R.C. 3127.21 to transfer the child custody matters to Hardin County, Kentucky, where he had been residing with the children. In a brief journal entry, which made no reference to R.C. 3127.21, the trial court found "that this case is better heard * * * in the Hardin County Family Court" and the trial court transferred "all [matters]" to that court. Mother filed a timely appeal from that order.

{¶6} In *Simon v. Simon*, 9th Dist. No. 25933, 2012-Ohio-3443, this Court reversed the trial court's transfer of jurisdiction to the Kentucky court because it failed to follow the requirements of R.C. 3127.21. This Court did not address Mother's other assignments of error because the trial court had failed to issue a final, appealable order on those issues.

**{¶7}** On remand, the trial court found that the parties had divided all marital property to their satisfaction, and ordered that the Kentucky court was a more convenient forum for the child custody matters. Until such time as the Kentucky court assumed jurisdiction, the trial court ordered that Mother would have parenting time with the children pursuant to the standard out-of-state parenting time order. Mother appeals and raises four assignments of error.

II.

## ASSIGNMENT OF ERROR I

BY FAILING TO FOLLOW THE MANDATE OF THIS COURT'S REMAND, THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO TRANSFER JURISDICTION.

**{¶8}** Mother's first assignment of error is that the trial court failed to follow this court's mandate on remand and "committed the same errors it committed previously." In *Simon v. Simon*, 2012-Ohio-3443, this Court reversed the trial court's April 2011 transfer of jurisdiction to Kentucky because the trial court failed to comply with the requirements of R.C. 3127.21. Specifically, this Court held that the trial court exceeded its authority under R.C. 3127.21(A) by transferring the entire case, including property and spousal support issues, because R.C. 3127.21(A) authorized it to transfer jurisdiction over only "child custody" matters, and it was authorized to do so only after considering all "relevant" factors set forth in R.C. 3127.21(B). *See* R.C. 3127.21(A) and (B). Given the trial court's violation of R.C. 3127.21 and that it had failed to mention the statute or any of the specific factors set forth in subsection (B), this Court would not presume that the trial court considered the mandatory factors set forth in R.C. 3127.21(B). *See Simon*, 2012-Ohio-3443, at ¶ 8-10. This Court reversed and remanded solely on that basis. *Id.* at ¶ 12.

{¶9} On remand, the trial court issued a new judgment on November 29, 2012, in which it stated that it had considered all of the factors set forth in R.C. 3127.21(B) and ordered that all matters pertaining to the children were transferred to the family court in Hardin County, Kentucky. It further ordered that "[u]ntil such time as the Kentucky Court shall modify, the parties shall follow the 'Standard Out-of-State Visitation Order.'"

{¶10} Mother argues that the trial court's 2012 judgment still did not comply with the requirements of R.C. 3127.21(B). First, without citing any authority to support her argument, Mother asserts that the trial court failed to comply with R.C. 3127.21(B) because it failed to make specific findings on each of the enumerated factors, even those that were not relevant to the facts of this case. Although the trial court was required to consider each of the enumerated factors, if relevant, this Court did not mandate that the trial court make findings on each factor. In fact, in the prior appeal, this Court explicitly recognized that the trial court's consideration of the specific factors will usually be presumed, absent something on the record to suggest otherwise. *Simon*, 2012-Ohio-3443, at ¶ 8. In its judgment on remand, the trial court explicitly stated that it had considered each of the required factors and there is nothing in its order or on the record to contradict that statement.

{¶11} Mother further argues, as she did in her prior appeal, that the trial court failed to comply with the requirement of R.C. 3127.21(C) that, if the court decides that a transfer to another forum is appropriate, "it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state[.]" To "stay" the child custody proceedings means that the trial court postponed, halted, or suspended them. *Black's Law Dictionary* 1453 (8th Ed.2004).

{¶12} Although the trial court did not explicitly state that it was issuing a "stay" of the child custody proceedings, it did effectively halt or suspend them until the Kentucky court exercised jurisdiction. The record reflects that the trial court took no further action on the child custody matters in this case except to preserve the status quo. In its November 2012 judgment, the trial court ordered that the parties would continue to follow the standard out-of-state visitation schedule until the Kentucky court took action on the child custody issues. Consequently, the trial court did not violate the requirements of R.C. 3127.21(C). *Compare Witt v. Walker*, 2d Dist. Clark No. 2012-CA-58, 2013-Ohio-714, ¶ 27 (court violated R.C. 3127.21(C) by dismissing the custody proceedings rather than staying them until the other court assumed jurisdiction); *Javigan-Nejad v. Navadeh*, 8th Dist. Cuyahoga No. 95406, 2011-Ohio-2283, ¶ 54 (court erred in relinquishing jurisdiction before the other court made a decision on the matter). Because Mother has failed to demonstrate that the trial court failed to follow this Court's mandate on remand, her first assignment of error is overruled.

## REMAINING ASSIGNMENTS OF ERROR

{¶13} Before addressing Mother's remaining assignments of error, this Court must emphasize that none of them raise any further challenge to the propriety of the trial court's transfer of jurisdiction over the child custody matters to Kentucky. Given that this Court has addressed Mother's first assignment of error and determined that the trial court properly transferred jurisdiction of the child custody matters to Kentucky, the trial court no longer has jurisdiction to revisit those issues. *See* R.C. 3127.20(A) and (C); R.C. 3127.20(A). Consequently, as we cannot provide Mother with any relief on issues pertaining to the custody of her children, even if the trial court erred, we will confine our review of her remaining

assignments of error to those aspects of her arguments that do not involve parental rights and responsibilities.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT'S FAILURE TO GRANT A CONTINUANCE DESPITE APPELLANT'S TWO REQUESTS WAS AN ABUSE OF DISCRETION WHEN HER PRIOR COUNSEL WAS ALLOWED TO WITHDRAW ON THE DAY OF TRIAL AND THE APPELLEE PRODUCED AN EXPERT REPORT THREE DAYS BEFORE TRIAL COMMENCED.

{¶14} Mother's second assignment of error is that the trial court erred by refusing to grant her a continuance of the 2008 divorce hearing. The grant or denial of a continuance is within the sound discretion of the trial judge. "An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). Factors to guide the court's discretion include:

> the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [party] contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Id.* at 67-68, 423 N.E.2d 1078.

{¶15} Throughout the many years that this case was pending in the trial court, the parties continued to represent to the court that they had no significant assets to divide. They had filed for bankruptcy protection and ultimately divided their personal property by agreement.

{¶16} On August 1, 2008, the date initially set for the divorce hearing, Mother's counsel requested permission to withdraw and asked the court to continue the hearing. Because an additional trial date had already been set for August 19, nearly three weeks later, the trial judge continued the hearing until that date to allow Mother time to obtain new counsel. The trial judge told Mother to find a new attorney during that time.

{¶17} Two weeks later, on August 12 and August 15, Mother filed two separate motions for a continuance of the August 19 hearing date. The explanation for her first request was that she needed to retain a new attorney and that no prior continuances had been granted. Her second motion indicated that she had a "medical" reason for seeking an extension. She attached single sheets from the prescription pads of two medical doctors, on which each doctor had briefly hand written that Mother was under his care for depression and anxiety and that she needed a continuance because of her emotional state at that time. Neither doctor stated that Mother was hospitalized or unable to attend a court hearing at that time, nor did they give a projected date when Mother would likely be more emotionally stable and prepared to proceed.

{¶18} The trial court denied the requests for an additional continuance and the matter proceeded on August 19 without Mother in attendance. Given the circumstances in this case, this Court cannot conclude that the trial court acted arbitrarily or unreasonably in denying Mother an additional continuance of the hearing. Mother had already been granted one continuance of the hearing, so that she could obtain new counsel, which was the third time that she had changed counsel in this case because she had been unable to agree with each counsel's strategy. Her first request for a continuance came at the commencement of the August 1 hearing, at which Father was prepared to proceed and had driven from Kentucky to attend, only to have the hearing continued because Mother again wanted a new attorney. Mother continued to request continuances without any explanation of whether she had taken any steps to retain new counsel or when she thought she would be ready to proceed with the hearing. This case had been pending for more than one year and the parties were in need of resolving disputes about the custody of their four children within a reasonable time. Mother's second assignment of error is overruled.

**ASSIGNMENT OF ERROR III**

BY FAILING TO RULE ON [MOTHER'S] THREE MOTIONS TO COMPEL PRODUCTION OF DOCUMENTS, THE TRIAL COURT DEPRIVED [MOTHER] OF NECESSARY FINANCIAL INFORMATION TO MODIFY SPOUSAL SUPPORT.

{¶19} Mother's third assignment of error is that the trial court erred in refusing to order Father to provide her with his financial records because she needed the information to prosecute her motion to modify spousal support. Throughout the many years that this case was pending, Mother's different attorneys have filed requests for production of Father's financial documents. Nonetheless, each time Mother and Father appeared on the record before the trial court, they agreed that the parties had lost their home, become insolvent, and had no significant marital assets to divide.

{¶20} Prior to the hearing on remand, Mother filed another discovery request, followed by a motion to compel production of Father's financial documents. At the hearing on remand, however, Mother's counsel did not mention Father's failure to provide financial documentation, nor was there anything pending before the court that required it to delve into Father's financial situation at that time. The parties stipulated that, aside from one computer and a compact disc collection, they had divided their marital property to their satisfaction. Although Mother expressed her belief that Father could be earning a much higher annual income and she now suggests that the trial court denied her request for a modification of spousal support, she had not filed a motion to modify the court's order that Father would pay no spousal support. Mother's third assignment of error is overruled.

**ASSIGNMENT OF ERROR IV**

THE TRIAL COURT ERRED IN NOT GRANTING THE MOTIONS FOR NEW TRIAL FILED SEPTEMBER 16, 2008 AND DECEMBER 13, 2012.

{¶21} Through her final assignment of error, Mother argues that the trial court erred in failing to grant her motions for a new divorce trial. Her arguments in support of her new trial motions on the non-custody aspects of this case were similar to those raised in her second and third assignments of error. She asserts that, by going forward with the August 2008 divorce proceedings, despite the fact that her attorney had withdrawn and "her doctor's orders" that she could not attend, the trial court abused its discretion by failing to grant her a new trial. Mother argues that she was entitled to a new trial under Civ.R. 59(A)(1) because these circumstances constituted an "irregularity" in the proceedings that prevented her from having a fair trial. We review a trial court's decision to grant or deny a motion for a new trial for an abuse of discretion. *See Savage v. Correlated Health Servs. Ltd.,* 64 Ohio St.3d 42 (1992).

{¶22} An "irregularity" that would justify a new trial under Civ.R. 59(A)(1) must be "a departure from the due, orderly and established mode of proceeding therein, where a party, with no fault on [her] part, has been deprived of some right or benefit otherwise available to [her]." *Meyer v. Srivastava*, 141 Ohio App.3d 662, 667 (2d Dist.2001). The "irregularity" alleged by Mother is that the trial court went forward with the trial despite Mother's doctor's "orders" that she could not attend. As explained already, Mother did not provide the court with doctors' orders that she was not medically able to attend the hearing.

{¶23} Because Mother has failed to demonstrate that the trial court abused its discretion by denying her motion for a new trial, her fourth assignment of error is overruled.

### III.

{¶24} Mother's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

—

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

GEORGE M. MILLER, Attorney at Law, for Appellant.

RANDAL LOWRY, Attorney at Law, for Appellee.