[Cite as *Doyle v. St. Clair*, 2016-Ohio-166.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| JOANNE DOYLE | | C.A. No. 14CA010697 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JACK ST. CLAIR | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No. 08 DR 069738 |

DECISION AND JOURNAL ENTRY

Dated: January 19, 2016

HENSAL, Presiding Judge.

{¶1} Joanne Doyle appeals the decision of the Lorain County Court of Common Pleas, Domestic Relations Division, denying Ms. Doyle's motion to show cause. For the reasons set forth below, we affirm the denial of Ms. Doyle's show cause motion.

I.

{¶2} On September 11, 2008, Ms. Doyle filed for divorce from Jack St. Clair. The parties eventually entered into a separation agreement, which was incorporated into the final divorce decree by the trial court on February 12, 2009. As part of the divorce decree, Mr. St. Clair was to make regular payments to Ms. Doyle to offset the disparity in the division of the marital property. However, in March 2009, Ms. Doyle's daughter from a previous marriage missed a payment on a loan, of which Mr. St. Clair and Ms. Doyle were guarantors. Mr. St. Clair made the payment on the loan and deducted the payment from his check to Ms. Doyle that month. This practice continued for approximately two and a half years, at which point Ms.

Doyle filed a show cause motion for contempt against Mr. St. Clair for not paying the entire amount of the property equalization payment.

{¶3} Mr. St. Clair responded by filing a Civil Rule 60(B) motion, alleging that the agreed upon terms of the separation agreement had permitted Mr. St. Clair to deduct any payments he made on the loan from his payments to Ms. Doyle but that the term had been mistakenly left out of the agreement incorporated into the final divorce decree. Ms. Doyle responded in opposition, arguing that the motion was untimely pursuant to Civil Rule 60(B). Following a hearing, the trial court granted Mr. St. Clair's motion, concluding that it was timely filed and that there was sufficient evidence that the parties had agreed to be responsible for the loans of their respective adult children. The trial court then set the matter for a hearing before the magistrate.

{¶4} Ms. Doyle appealed, but this Court dismissed her appeal, concluding that a final, appealable order did not exist because the judgment entry contemplated further proceedings. Following dismissal, a hearing was held before the magistrate, who determined that Ms. Doyle's motion to show cause was moot because, "[b]y entry filed June 30, 2014, the Court granted Defendant's Civil Rule 60(B) Motion to amend the parties' separation agreement to reflect that each party would assume their adult children's loans." The trial court adopted the magistrate's decision and issued a judgment in which it determined that Ms. Doyle's show cause motion was moot "due to [its] previous ruling upon [Mr. St. Clair]'s Civil Rule 60(B) motion."

{¶5} Ms. Doyle has again appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY GRANTING JACK ST. CLAIR'S 60(B) MOTION.

{¶6}  In Ms. Doyle's sole assignment of error, she argues that the trial court abused its discretion when it granted Mr. St. Clair's Civil Rule 60(B) motion.  According to Ms. Doyle, Mr. St. Clair's motion was untimely pursuant to Civil Rule 60(B)(1)-(3) as well as Civil Rule 60(B)(5).  However, Ms. Doyle has not appealed from an order granting a Civil Rule 60(B) motion; she has appealed from the trial court's judgment finding her show cause motion to be moot.

{¶7}  On June 30, 2014, the trial court issued an order "granting [Mr. St. Clair's Civil Rule 60(B) motion to amend the divorce decree] for the limited purpose of addressing the issue at hand" and ordered that the motion "shall come for a hearing with [the magistrate] * * *."  Ms. Doyle attempted to appeal this order, but this Court dismissed her appeal, concluding that the order was not final because it still contemplated further resolution.  *See Doyle v. St. Clair*, 9th Dist. Lorain No. 14CA010634 (Sept. 5, 2014).  Although a hearing was held, it was limited to Ms. Doyle's show-cause motion, which the magistrate determined to be moot because, "[b]y entry filed June 30, 2014, the Court granted [Mr. St. Clair's] Civil Rule 60(B) motion to amend the parties' separation agreement to reflect that each party would assume their adult children's loans."  The trial court adopted the magistrate's decision the same day and ordered Ms. Doyle's show cause motion be "dismissed as being moot, due to this Court's previous ruling upon Defendant's Civil Rule 60(B) Motion."

{¶8}  The trial court's "previous ruling," however, did not actually resolve Mr. St. Clair's Civil Rule 60(B) motion.  If it had, it would have been a final, appealable order at the time as it would have "vacate[d] * * * a judgment."  R.C. 2505.02(B)(3).  However, the trial court specifically granted the motion on June 30, 2014, for the limited purpose of having a hearing, which did not occur, and the trial court never actually vacated or amended the divorce

decree. Furthermore, this Court concluded that the order was not a final, appealable order at the time it was issued, a holding that is the law of the case. *See Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984) ("[T]he doctrine [of law of the case] provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels."). Absent the trial court taking additional action to render a final, appealable order or judgment on the Civil Rule 60(B) motion, the motion would remain pending, regardless of the trial court's subsequent description of its original order. *Id.* at syllabus ("Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.").

{¶9} Thus, because the Civil Rule 60(B) motion remains pending, it is not part of this appeal. Accordingly, to the extent Ms. Doyle argues that the trial court should not have granted Mr. St. Clair's Civil Rule 60(B) motion, that issue is not yet ripe for consideration.

III.

{¶10} The issue raised in Ms. Doyle's assignment of error is outside the scope of this appeal and not yet ripe for review. Because Ms. Doyle limited her argument to Mr. St. Clair's Civil Rule 60(B) motion, however, she has not set forth an argument demonstrating reversible error in the trial court's decision to deny her show cause motion. Accordingly, the judgment of Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

DANIEL J. GIBBONS, Attorney at Law, for Appellant.

ANTHONY GIARDINI, Attorney at Law, for Appellee.