[Cite as *Doyle v. St. Clair*, 2017-Ohio-5477.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| JOANNE DOYLE | | C.A. No. 16CA010967 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JACK ST. CLAIR | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No. 08 DR 069738 |

DECISION AND JOURNAL ENTRY

Dated: June 26, 2017

CALLAHAN, Judge.

{¶1} Appellant, JoAnne Doyle, appeals the judgment entered in favor of Appellee, Jack St. Clair, in the Lorain County Court of Common Pleas, Domestic Relations Division. For the reasons set forth below, this Court reverses.

I.

{¶2} On September 11, 2008, Ms. Doyle filed for divorce from Mr. St. Clair. Three months later, Ms. Doyle and Mr. St. Clair, without the involvement of their attorneys, agreed to terms which settled their divorce. An outline of the terms were provided to their attorneys and used by them to draft the separation agreement. The parties executed the separation agreement and an addendum and incorporated it into the final divorce decree on February 12, 2009. The outline of the terms of the separation agreement was not filed with or incorporated into the final divorce decree.

{¶3}    Among other things, the outline provided that Mr. St. Clair would be responsible for all debts he and Ms. Doyle incurred during the marriage, as well as his son's loan, while Ms. Doyle would be responsible for the loan taken out by her daughter and son-in-law ("the Steindl loan").  However, this provision regarding their children's debts was omitted from the separation agreement.  Instead, the separation agreement provided that Mr. St. Clair was responsible for all mortgage loans owed to Lorain National Bank and Fifth Third Bank.  The Steindl loan was held by Lorain National Bank.

{¶4}    In January 2014, almost five years after the filing of the divorce decree, Ms. Doyle filed a show cause motion against Mr. St. Clair regarding his failure to make full property equalization payments to her under the terms of the separation agreement. In response, Mr. St. Clair filed a motion to amend judgment pursuant to Civ.R. 60(B)(5) alleging that Ms. Doyle was responsible for the Steindl loan, but that term had been mistakenly left out of the separation agreement incorporated into the final divorce decree. Mr. St. Clair also sought a credit for the payments he made on the Steindl loan towards his property equalization payments due to Ms. Doyle.

{¶5}    The domestic relations court heard oral arguments and, pursuant to Civ.R. 60(B)(5), granted Mr. St. Clair's motion to amend the separation agreement to reflect each party was responsible for their own children's debts.  The court set the matter for further hearing with the magistrate.  Ms. Doyle appealed, but this Court dismissed her appeal for lack of a final, appealable order.  *Doyle v. St. Clair*, 9th Dist. Lorain No. 14CA010634 (Sept. 5, 2014).

{¶6}    Upon remand, a hearing was held and the magistrate found Ms. Doyle's show cause motion to be moot based on the domestic relations court's earlier ruling granting a modification of the separation agreement. The domestic relations court adopted the magistrate's

decision and issued a judgment dismissing Ms. Doyle's show cause motion. Ms. Doyle appealed that judgment, but only challenged the domestic relations court's decision to grant the Civ.R. 60(B) motion. Because the domestic relations court's decision from which she appealed was limited to the dismissal of the show cause motion and Ms. Doyle did not challenge that dismissal, this Court affirmed the domestic relations court's decision. *Doyle v. St. Clair*, 9th Dist. Lorain No. 14CA010697, 2016-Ohio-166, ¶ 6, 10.

{¶7} The case was returned to the domestic relations court where it entered a final entry granting Mr. St. Clair's motion to amend the separation agreement regarding the parties' responsibility for their own children's debts and awarded Mr. St. Clair "credit for [the] amounts [he] paid toward the parties' adult children's loans toward his spousal support obligation." Ms. Doyle timely appeals, raising one assignment of error for review.

## II.

THE TRIAL COURT ERRED TO THE PREJUDICE OF [MS. DOYLE] BY GRANTING [MR.] ST. CLAIR'S 60(B) MOTION.

{¶8} In her single assignment of error, Ms. Doyle argues the domestic relations court abused its discretion when it granted Mr. St. Clair's motion to amend the separation agreement. This Court agrees.

{¶9} The decision to grant or deny a Civ.R. 60(B) motion is within the sound discretion of the trial court. *Griffey v. Rajan,* 33 Ohio St.3d 75, 77 (1987); *Jackson v. Coker*, 9th Dist. Summit No. 27123, 2014-Ohio-5114, ¶ 8. An abuse of discretion "'implies that the [trial] court's attitude [was] unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). When applying the abuse of discretion standard, this Court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd*., 66 Ohio St.3d 619, 621 (1993).

{¶10} In order to prevail on a Civ.R. 60(B) motion, the movant must establish that: (1) the party has a meritorious defense or claim; (2) a circumstance arises under Civ.R. 60(B)(1) to (5); and (3) the motion is made within a reasonable time, and when filing under Civ.R. 60(B)(1) to (3), the motion is within one year of the judgment or order. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. If any of these three requirements are not met, the motion must be denied. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988). However, "Civ.R. 60(B) may not be used as a substitute for appeal." *Doe v. Trumbull Cty. Children Servs. Bd.,* 28 Ohio St.3d 128, 131 (1986).

{¶11} Civ.R. 60(B)(1) through (5) allows the trial court to relieve parties from a final judgment for:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R.60(B)(1)-(5).

{¶12} Ms. Doyle asserts four bases as to how the domestic relations court abused its discretion when granting Mr. St. Clair's motion to amend: 1) Mr. St. Clair improperly used Civ.R. 60(B)(5) as the basis for his motion to amend when another provision of Civ.R. 60(B) was available, namely Civ.R. 60(B)(1); 2) Mr. St. Clair's motion to amend was untimely; 3) there was no mutual mistake entitling Mr. St. Clair to relief; and 4) the domestic relations court's findings of fact were not based upon any evidence.

**Improper use of Civ.R. 60(B)(5)**

{¶13} Relief from judgment may be granted under Civ.R. 60(B)(5) for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) is known as the "catch-all provision," but is only used in extraordinary and unusual cases when the interest of justice necessitates it. *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph one of the syllabus; *Cerney v. Norfolk & W. Ry. Co.,* 104 Ohio App.3d 482, 491 (8th Dist.1995). Civ.R. 60(B)(5) only applies when one of the specific provisions enumerated in Civ.R. 60(B)(1) to (4) does not apply. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). It should not be used as a substitute for any of the other more specific provisions of Civ.R. 60(B), where the one-year time limit has expired. *Caruso-Ciresi* at 66.

{¶14} Ms. Doyle argues, "Mr. St. Clair seeks relief for an alleged mistake of fact" and thus was required to file his motion under Civ.R. 60(B)(1) and not Civ.R. 60(B)(5). Civ.R. 60(B)(1) provides a mechanism for a party to vacate a judgment arising from "mistake, inadvertence, surprise or excusable neglect." A mistake under Civ.R. 60(B)(1) contemplates a mistake by a party or his legal representative. *See Culgan v. Miller*, 9th Dist. Medina No. 10CA0074-M, 2011-Ohio-6194, ¶ 12, citing *Karpanty v. Scheer*, 6th Dist. Lucas No. L-86-020, 1986 WL 6282, *2 (June 6, 1986). The alleged mistake in this case is the parties' and their counsel's failure to include a provision in the separation agreement that Ms. Doyle would be responsible for the Steindl loan.

{¶15} Mr. St. Clair filed a motion to amend judgment pursuant to Civ.R. 60(B). In his motion, Mr. St. Clair stated Civ.R. 60(B) "allows a court to grant relief from judgment for mistake or fraud." He then cited Civ.R. 60(B)(5) and stated "a court [can] grant a party relief from judgment for 'any other reason justifying relief from the judgment.'" In his post-hearing

brief, Mr. St. Clair stated he "did not file his motion pursuant to Rule 60(B)(1), (2) or (3). [He] filed his motion pursuant to Rule 60(B)(5)." Moreover, the domestic relations court granted the motion based on Civ.R. 60(B)(5) only.

{¶16} Despite Mr. St. Clair's adamant position that he filed his motion pursuant to Civ.R. 60(B)(5), he asserted facts that supported Civ.R. 60(B)(1). Mr. St. Clair's motion argued "[p]aragraph 6 of the typed informal writing reached by [Ms. Doyle] and [him] on their own, reflected this understanding [regarding who was responsible for the Steindl loan and] [i]t was simply an error that the final separation agreement neglected to include that provision." Mr. St. Clair's motion explained that they negotiated the terms of a separation agreement without the assistance of counsel, gave the terms to their counsel, and counsel typed the terms into a separation agreement. Mr. St. Clair claims the Steindl Loan provision "was inadvertently left out" of the separation agreement and he "was not aware that the separation agreement attached to the divorce decree did not have the correct language regarding [Ms. Doyle's] duty to pay [the Steindl loan]." Mr. St. Clair "believed [this term] was in the final separation agreement."

{¶17} Further, Mr. St. Clair's counsel stated during the hearing on the motion to amend, that his office "generated" the separation agreement and his office "missed something that [Ms. Doyle and Mr. St. Clair] had put into their outline, and that's the subject of this motion." Mr. St. Clair's attorney conceded there was some confusion and error during the signing of the separation agreement: "I take some responsibility here because the final document that [Mr. St. Clair] signed, not only did [it] not have that little provision because it just said he would assume all the Lorain County National Bank loans, it was missing a whole page of other things that [Ms. Doyle's attorney] wanted for his client." The argument presented by Mr. St. Clair's attorney

further supports the position that Mr. St. Clair sought to amend the separation agreement based on a mistake.

{¶18} Lastly, the domestic relations court's judgment entry stated that Ms. Doyle and Mr. St. Clair had written out an agreement that the parties would assume liability for their own adult children's loans, but such agreement "was inadvertently left out of the final [s]eparation [a]greement." The court also found "that agreement by the parties was left out of their [s]eparation [a]greement[] [and] neither attorney noted [the] same in a normally timely manner and [] neither party noted [the] same at the time of the divorce." The domestic relations court recognized the parties' mistake and their failure to discover the omission in a timely manner. Nonetheless, the domestic relations court granted the motion to amend pursuant to Civ.R. 60(B)(5).

{¶19} Based on the record, Mr. St. Clair was seeking relief under Civ.R. 60(B)(1) due to a mistake and not for "any other reason" as contemplated in Civ.R. 60(B)(5). *See Caruso-Ciresi*, 5 Ohio St.3d at 66 (the facts of the case indicated relief could only be considered under Civ.R. 60(B)(1) and not Civ.R. 60(B)(5)). He sought this relief almost five years after the divorce decree was filed. Because Mr. St. Clair's argument is based on an alleged mistake, which falls under Civ.R. 60(B)(1), he cannot seek relief under Civ.R. 60(B)(5).

{¶20} The domestic relations court abused its discretion by permitting Mr. St. Clair to use Civ.R. 60(B)(5) as a substitute for Civ.R. 60(B)(1) where the one-year time limit had expired. Ms. Doyle's assignment of error is sustained.

**Ms. Doyle's remaining arguments**

{¶21} Ms. Doyle asserted three other arguments in support of the domestic relations court abusing its discretion when it granted Mr. St. Clair's motion to amend the separation

agreement. Based on this Court's resolution of her first argument, this Court declines to address her remaining three arguments as they have been rendered moot. *See* App.R. 12(A)(1)(c).

III.

**{¶22}** Ms. Doyle's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division is reversed and the cause is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DANIEL J. GIBBONS, Attorney at Law, for Appellant.

ANTHONY B. GIARDINI, Attorney at Law, for Appellee.