[Cite as *Simon v. Simon*, 2019-Ohio-777.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| PAUL SIMON | | C.A. No. 28962 |
| | | |
| Appellant | | |
| | | |
| v. | | APPEAL FROM JUDGMENT |
| | | ENTERED IN THE |
| MALINDA SIMON | | COURT OF COMMON PLEAS |
| | | COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. DR-2007-06-1815 |

DECISION AND JOURNAL ENTRY

Dated: March 6, 2019

CALLAHAN, Judge.

{¶1} Appellant, Paul Simon, appeals an order that denied his motion for relief from judgment. This Court affirms.

I.

{¶2} In the years since Paul and Malinda Simon's divorce, they have engaged in continuous litigation. Although the docket reflects numerous filings, three particular events are relevant to this appeal. On September 24, 2014, the trial court granted Ms. Simon's motion for relief from judgment to the extent that a previously undisclosed pension plan had been omitted from the property distribution in the divorce decree. The trial court ordered Mr. Simon to pay Ms. Simon $23,793.18 within fourteen days. Mr. Simon attempted to appeal, but this Court dismissed his appeal as untimely filed. When Mr. Simon failed to abide by the September 2014 order, Ms. Simon moved the trial court to hold him in contempt. The trial court found Mr. Simon in contempt on February 13, 2015, entered judgment in favor of Ms. Simon in the amount

of the previous order plus her attorney fees, and sentenced Mr. Simon to twenty days in the Summit County jail, subject to purge. Mr. Simon did not appeal the contempt order, and he failed to purge the contempt.

{¶3} Shortly thereafter, Ms. Simon moved the trial court to modify her spousal support, alleging that Mr. Simon was voluntarily underemployed. She filed a second motion approximately three months later, alleging a change in circumstances. Mr. Simon, in turn, moved to terminate his spousal support obligation. On March 20, 2017, the trial court adopted proposed findings of fact and conclusions of law filed by Ms. Simon and entered judgment on the uncollected balance of the pension assets with interest, awarded additional attorney fees, and increased Mr. Simon's spousal support obligation. Although the reason is unclear, the trial court entered a second judgment on these issues dated April 7, 2017. Mr. Simon filed objections to the findings of fact and conclusion of law, but he did not appeal either the March 20, 2017, or the April 7, 2017, order.

{¶4} Mr. Simon moved to vacate the orders issued on September 24, 2014, February 13, 2015, and April 7, 2017, under Civ.R. 60(B)(1) and (5). He also alleged that the trial court lacked jurisdiction to enter the April 7, 2017, order. The trial court concluded that it did not lack subject matter jurisdiction to enter the April 7, 2017, order and denied his common law motion to vacate. With respect to Mr. Simon's motion for relief from judgment under Civ.R. 60(B), the trial court concluded that each of the grounds stated in his motion attempted to use Civ.R. 60(B) as a substitute for appeal and, in the alternative, that the motion was not timely filed. The trial court denied the motion for these reasons without a hearing, and Mr. Simon filed this appeal.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO GRANT APPELLANT'S AMENDED MOTION TO VACATE JUDGMENT PURSUANT TO CIV.R. 60(B)(1) AND (5).

**ASSIGNMENT OF ERROR NO. 3**

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO RECOGNIZE THAT IT WAS IMPROPER FOR THE COURT TO ADOPT THE PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW SUBMITTED [BY] APPELLEE WITHOUT CONDUCTING A HEARING TO ADMIT ANY FACT INTO THE RECORD WHICH COULD BE PROPERLY INCORPORATED IN FINDINGS OF FACT AND CONCLUSIONS OF LAW IN RULING ON ITS DECISION TO DENY APPELLANT'S AMENDED MOTION TO VACATE JUDGMENT PURSUANT TO CIV.R. 60(B)(1) AND (5).

{¶5} Mr. Simon's first assignment of error argues that the trial court abused its discretion by failing to grant his motion for relief from the September 24, 2014, February 13, 2015, and April 7, 2017, orders. His third assignment of error makes the same argument, but elaborates on one of his grounds in support of his motion for relief from the April 7, 2017, order.

{¶6} Civ.R. 60(B) provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment.

A party challenging a judgment under Civ.R. 60(B) must demonstrate that (1) the party has a meritorious defense or claim, (2) a circumstance arises under Civ.R. 60(B)(1)-(5), and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. A trial court's determination of a motion for relief from judgment pursuant to Civ.R. 60(B) is reviewed for an abuse of discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

**{¶7}** A trial court does not abuse its discretion by denying a motion for relief from judgment that is based exclusively upon issues that could have been raised on direct appeal. *Schutte v. Akron Pub. School Bd. of Edn.*, 9th Dist. Summit No. 23036, 2006-Ohio-4726, ¶ 7, citing *Yoakum v. McIntyre*, 7th Dist. Columbiana No. 03 CO 63, 2005-Ohio-7083, ¶ 31. "If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a * * * motion to vacate judgment." *State ex rel. Durkin v. Ungaro*, 39 Ohio St.3d 191, 193 (1988).

**{¶8}** Mr. Simon argued that the trial court should grant him relief from judgment under Civ.R. 60(B)(1) and (5), and each of the grounds that he articulated in support of his motion was based on an alleged mistake by the trial court. As an initial matter, these arguments were not properly framed as grounds for relief from judgment under Civ.R. 60(B)(5), which "is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but * * * is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph one of the syllabus. In other words, "Civ.R. 60(B)(5) only applies when one of the specific provisions enumerated in Civ.R. 60(B)(1) to (4) does not apply." *Doyle v. St. Clair*, 9th Dist. Lorain No. 16CA010967, 2017-Ohio-5477, ¶ 13, citing *Strack* at 174. When a party alleges mistake as grounds for relief from judgment under Civ.R. 60(B), the motion must proceed under Civ.R. 60(B)(1), not Civ.R. 60(B)(5). *Doyle* at ¶ 14.

**{¶9}** A "mistake" for purposes of Civ.R. 60(B)(1), however, is a mistake made by a party or counsel. *Doyle* at ¶ 14, citing *Culgan v. Miller*, 9th Dist. Medina No. 10CA0074-M, 2011-Ohio-6194, ¶ 12. This Court has recognized that "'a factual or legal mistake on the part of the trial court is not the type of mistake contemplated by Civ.R. 60(B)(1).'" *Culgan* at ¶ 12,

quoting *Hankinson v. Hankinson*, 7th Dist. Mahoning No. 03 MA 7, 2004-Ohio-2480, ¶ 20. When a party alleges a mistake by the trial court as grounds for relief from judgment under Civ.R. 60(B)(1), "any such mistake * * * would constitute error from which the aggrieved party must appeal." *Culgan* at ¶ 13. *See also Archer v. Dunton*, 9th Dist. Summit No. 28519, 2017-Ohio-8846, ¶ 11. Consequently, the mistakes alleged by Mr. Simon in support of his motion "do not present grounds for relief under any of the provisions of Civ.R. 60(B), Civ.R. 60(B)(5) included." (Emphasis omitted.) *Archer* at ¶ 11.

{¶10} In his motion for relief from judgment, Mr. Simon also argued that he was entitled to common law relief because the trial court lacked jurisdiction to modify his spousal support retroactively in the April 7, 2017, order. Although he has framed his assignments of error in terms of Civ.R. 60(B), they are also not well taken to the extent that he argues that the trial court should have granted him common law relief from judgment.

{¶11} Ohio courts have the inherent authority to vacate void judgments without reference to Civ.R. 60(B). *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of the syllabus. A void judgment may be vacated through a common law motion to set aside the judgment, but one that is voidable must be set aside as provided by Civ.R. 60(B). *In re R.P.*, 9th Dist. Summit No. 26271, 2012-Ohio-4799, ¶ 19, citing *State ex rel. DeWine v. 9150 Group, L.P.*, 9th Dist. Summit No. 25939, 2012–Ohio–3339, ¶ 7.

{¶12} The first argument to which Mr. Simon alludes in his brief is that the trial court lacked jurisdiction to enter the April 7, 2017, order because it did not reserve jurisdiction to modify his spousal support obligation in the divorce decree. When a trial court modifies spousal support without a reservation of jurisdiction under R.C. 3105.18(E)(1), however, the

modification order is voidable, not void. *See*, *e.g.*, *Michaels v. Michaels*, 9th Dist. Medina No. 11CA0012-M, 2012-Ohio-641, ¶ 5-9.

{¶13} The second argument that Mr. Simon references is that the trial court lacked jurisdiction to make the spousal support modification retroactive to a period of time in which an appeal to this Court was pending. A trial court does not have jurisdiction to *act* while an appeal is pending "except to take action in aid of the appeal." *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, ¶ 9, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). Mr. Simon does not maintain that there was an appeal pending in this Court on April 7, 2017, when the trial court entered the spousal support order, but that an appeal was pending approximately five years earlier on the date to which the trial court made the modification effective. Any error in determining the date to which the modification was retroactive would also render the order voidable, not void. Because each of the grounds Mr. Simon has referenced in support of his common law motion would render the April 7, 2017, order voidable, the trial court did not err by denying his motion on that basis.

{¶14} Mr. Simon's first and third assignments of error are overruled.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO CONDUCT AN EVIDENTIARY HEARING ON APPELLANT'S MOTION TO VACATE PURSUANT TO CIV.R. 60(B)(1) AND (5) AND FAILED TO RECOGNIZE THAT NO TESTIMONY OR EVIDENCE HAD EVER BEEN ADMITTED INTO THE RECORD WHEN RULING ON ITS DECISION TO DENY APPELLANT'S AMENDED MOTION TO VACATE JUDGMENT PURSUANT TO CIV.R. 60(B)(1) AND (5).

{¶15} In his second assignment of error, Mr. Simon has argued that the trial court erred by denying his motion for relief from judgment without conducting a hearing. This Court disagrees.

{¶16} "A person filing a motion for relief from judgment under Civil Rule 60(B) is not automatically entitled * * * to a hearing on the motion." *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103 (8th Dist.1974). A hearing is only required when a moving party alleges operative facts that would warrant relief. *Coulson v. Coulson*, 5 Ohio St.3d 12, 16 (1983), citing *Adomeit* at 103. *See also Primo Bedding Co., Inc. v. R. Acres, Inc.*, 9th Dist. Summit No. 24535, 2009-Ohio-3971, ¶ 10.

{¶17} As noted in this Court's discussion of Mr. Simon's first and third assignments of error, the basis for each of his arguments was that he was entitled to relief from the trial court's judgments because of mistakes on the part of the trial court. He has, therefore, not alleged any operative facts that would warrant relief under Civ.R. 60(B), and the trial court was not required to conduct a hearing. Mr. Simon's second assignment of error is overruled.

III.

{¶18} Mr. Simon's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

MICHAEL J. CONNICK, Attorney at Law, for Appellant.

JAMES L. LANE, Attorney at Law, for Appellee.